Compiler

FILED
SUPERIOR COURT
OF GUAM

2013 OCT -2 PM 1: 48

COURT

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSEPH S. CARBULLIDO, DONALD R. FLICKINGER, ELIZABETH C. FLICKINGER, ANTHONY V. CAMACHO, EUGENE C. CHARFAUROS, JASON V. LUJAN, JESSICA P. MEYENBERG, BIA A. NANOTO, JOHN A.L.G. PEREZ, ALFRED F. DUENAS, EDWARD D. CHARFAUROS, and MANUEL A. BABAUTA, <br><br> Plaintiffs, <br><br> v. <br><br> RICARDO M. LEON GUERRERO, in his official capacity as Acting Police of Chief of the Guam Police Department, and LOURDES M. PEREZ, in her capacity as Director of the Guam Department of Administration, <br><br> Defendants. | CIVIL CASE NO. CV 2038-10 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 22nd day of March, 2013, for hearing on the Plaintiffs' Motion for Summary Judgment and for Certification of Plaintiffs' Class. Attorney Daniel Somerfleck represented the Plaintiffs, and Assistant Attorney General David Highsmith represented the Defendants. For the reasons set forth below, the Plaintiffs' motion is denied.

## I. Factual and Procedural Background

The Plaintiffs in this case are Guam public safety employees who, before the passage of Public Law 30-125 on December 13, 2010, had been working 43-hour work weeks pursuant to Executive Order 96-08, which provided for a 43-hour work week. They were paid their normal wage for all 43 of these hours. The Plaintiffs seek retroactive time-and-a-half compensation for the hours they worked in excess of the 40 but less than 43 before the passage of Public Law 30-125, which gave legislative sanction to the 43-hour work week for public safety personnel. The Plaintiffs have always been paid time-and-a-half for hours worked in excess of 43 each week.

The Defendants admit that the Plaintiffs are entitled to some retroactive compensation, but argue that the three-year statute of limitations in 7 GCA § 11305(1) should apply to the Plaintiffs' claims, and that the Plaintiffs should only be compensated for overtime worked within three years of the filing of this action. The Plaintiffs argue that no statute of limitations should apply to their claims, and that they should be compensated for overtime worked since the enactment of Executive Order 96-08 in 1996. This case was filed on December 22, 2010.

The Plaintiffs also request that the Court certify their class pursuant to Rule 23 of the Guam Rules of Civil Procedure ("GRCP 23"). The Government opposes class certification.

## II. Analysis

### Statute of Limitations

The Plaintiffs argue that the Guam Code, read as a whole, embodies a general policy that all overtime due must be paid. In particular, the Plaintiffs point to 4 GCA § 6221.1, 22 GCA § 3220, and 22 GCA § 3117. The Plaintiffs argue that these statutory provisions express legislative intent that claims for back overtime by public safety personnel should be paid in full, notwithstanding of any statute of limitations.

The Court cannot agree. While 4 GCA § 6221.1 creates a statutory cause of action for unpaid overtime, the Court sees no indication in its language, even when read in conjunction with the rest of the Guam Code, that the legislature intended to exempt unpaid overtime claims from the generally applicable statute of limitations. Similarly, 22 GCA § 3117, creating a cause of action for unpaid wages, does not seem susceptible to a reading that places such claims beyond the reach of the otherwise-applicable statute of limitations. 22 GCA § 3220, prohibiting waivers and compromises of unpaid wage claims, does not appear to the Court to embody any legislative intent to abrogate the statute of limitations.

In *Guerrero v. Sgambelluri*, Superior Court Case No. CV 0523-09, Judge Elizabeth Barrett-Anderson likewise rejected the arguments that the Plaintiffs advance in this case, and applied the three-year statute of limitations to claims for back overtime. Judge Barrett-Anderson noted correctly that this limitations period was more favorable to the employees than the two-year statute of limitations in the Fair Labor Standards Act.

The Court agrees with the Defendants and with Judge Barrett-Anderson that the appropriate statute of limitations in this case is the general three-year statute of limitations found in 7 GCA § 11305(1). The Plaintiffs' compensation should be limited to the period between December 22, 2007 – three years prior to the filing of this action – and December 13, 2010, the date on which Public Law 30-125 was enacted.

Class Certification

GRCP 23(b) requires that a putative class satisfy at least one of three requirements for a class action to be maintainable: either the prosecution of individual claims must create a risk of incompatible or prejudicial adjudications, or the party opposing the class must have acted in such a way that injunctive or declaratory relief with respect to the entire class would be

appropriate, or the common questions of law and fact must predominate over questions affecting individual members.

The Court is not convinced that here, where the Government has admitted liability on the underlying claim, there exists any danger of conflicting adjudications. Nor is the Court convinced that injunctive or declaratory relief with respect to the class as a whole is appropriate in this case. Again, the Government has admitted liability, and the Court does not expect that the Department of Administration will be so intransigent as to contest valid claims filed by eligible public safety employees on grounds waived by the Defendants in this case absent a class judgment. Finally, the Court is not convinced that, in this case involving employees with varying circumstances of work and hours worked, any final relief rendered would be appropriate to all of the members of the putative class, or that the common questions of law and fact in this case predominate over the questions affecting individual employees.

The Court concludes that the requirements of GRCP 23(b) stand unsatisfied, and class certification is therefore not appropriate in this case.

## CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion for Summary Judgment and for Certification of Plaintiffs' Class is **DENIED**.

**IT IS SO ORDERED** this OCT 0 2 2013 day of October, 2013.

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna Guam

OCT 0 2 2013

Scott E. Hermosilla
Deputy Clerk
Superior Court of Guam